UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARY DUPREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 4460 |
| | ) | |
| ERIC HILL, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion for summary judgment of Defendant Eric Hill. For the reasons set forth below, the motion is denied, but the case is dismissed pursuant to *Colorado River Water Conservation Dist. v. United States*.

### BACKGROUND

Plaintiff Cary Dupree, a state prisoner, filed the instant suit on August 7, 2008. In it, he claims that Hill, a police officer in Zion, Illinois, falsely arrested him and illegally seized $10,015 that was in Dupree's possession at the time of the arrest. The complaint also named George Pappas, the Lake County State's Attorney who prosecuted the criminal case; Pappas was dismissed from the case shortly after it was filed. Hill, the remaining defendant, filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) in November. Because the motion was predicated on matters outside

the four corners of the complaint, it was converted to a motion for summary judgment and Dupree was provided with an opportunity to respond accordingly.

In January 2009, the Lake County Circuit Court conducted a civil forfeiture proceeding and concluded that there was probable cause for Hill to have seized $10,000 from Dupree at the time of his arrest. The court also determined that the same amount was subject to forfeiture because of the likelihood that it was the product of illegal activity. The remaining $15, by contrast, was found to be unconnected to criminal activity and was therefore ordered returned to Dupree. On February 4, Dupree filed a notice of appeal; neither party has provided information regarding the status of that appeal, so we must assume that it is ongoing.

Hill sought and obtained permission to supplement his previous filing with information regarding the forfeiture proceeding. Dupree was given an opportunity to respond to the supplemental submission by April 16, 2009, but he chose not to do so. Hill's primary argument is that the state court's decision in the forfeiture proceeding has preclusive effect on Dupree's § 1983 claim.

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. Proc. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

With these principles in mind, we turn to Hill's motion.

## DISCUSSION

Because the judgment claimed to have effect is of an Illinois court, we must look to Illinois law to determine whether it is preclusive. *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 470-71 (7th Cir. 2007). In Illinois, a claim or issue will be precluded if it was decided in a prior adjudication that is identical to that contained in the case under consideration; the prior adjudication resulted in a final judgment on the merits; and the party who will be estopped was a party to or privy to a party in the prior adjudication. *In re A.W.*, 896 N.E.2d 316, 321 (Ill. 2008). Although the law is not entirely clear on

the point, Illinois courts appear to require that appellate remedies be exhausted before a judgment on the merits will be considered final and therefore preclusive. *See id.*; *Ballweg v. City of Springfield*, 499 N.E.2d 1373, 1375 (Ill. 1986); *Hearne v. Bd. of Educ. of City of Chicago*, 185 F.3d 770, 777-78 (7th Cir. 1999). *But see, e.g.*, *State Life Ins. Co. v. Bd. of Educ. of Chicago*, 81 N.E.2d 877, 880 (Ill. 1948). Accordingly, without evidence that the appeal has been concluded, the order of forfeiture entered by the Lake County Circuit Court does not preclude Dupree from pursuing his federal suit.

However, the existence of the concurrent state proceeding is not without effect on the case before us. Rather, it implicates the principles of federal–state relations and "wise judicial administration" that arise in certain circumstances set forth in *Colorado River Water Conservation Dist. v. United States*. 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976). When those circumstances are present, a federal court has the discretion to stay or dismiss a suit. *Clark v. Lacy*, 376 F.3d 682, 684 (7th Cir. 2004). Abstention, under the *Colorado River* doctrine or otherwise, is the exception, not the rule, and the simple existence of a concurrent state court proceeding is not enough to justify a surrender of federal jurisdiction. *Id.* at 685. Rather, the federal case must be parallel to the state matter and involve some kind of exceptional circumstances that would warrant abstention, such as "whether the state has assumed jurisdiction over property; ... the order in which jurisdiction was obtained by the concurrent forums; ...

the source of governing law; ... the relative progress of state and federal proceedings; ... [and] the availability of removal." *Id.*

Here, Dupree's complaint does not seek relief outside of the return of the $10,000; the request for return of the other $15 is moot in light of the circuit court's decision in his favor on that aspect of the forfeiture. Thus, except for the configuration of the parties, the subject matter and remedies of the federal and state cases are not just parallel, they are identical. The state court case commenced over a year ago, several months before Dupree filed his federal complaint. The legality of the original seizure as well as whether the predicates for forfeiture are present are largely dependent on principles of state law, which have been determined by the state court. Furthermore, because the state case arises out of civil forfeiture charges, removal to this court is not an option; a federal court would not have original jurisdiction over such a case. *See* 28 U.S.C. § 1441(a). Finally, and most importantly, with the entry of the final order of forfeiture, the state of Illinois assumed jurisdiction over the money at issue.

Given the presence of all of these attributes, we conclude that this case contains extraordinary circumstances that warrant abstention. Moreover, because the decision on appeal will, one way or the other, address the entirety of the relief Dupree seeks before this court, dismissal is more appropriate than stay.

**CONCLUSION**

Based on the foregoing analysis, Hill's motion for summary judgment on grounds of *res judicata* is denied. However, pursuant to the doctrine of abstention set forth in *Colorado River Water Conservation Dist. v. United States*, the case is dismissed.

/s/ Charles P. Kocoras

Charles P. Kocoras
United States District Judge

Dated:   May 13, 2009